Case 2:33-av-00001 Document 17033-2 Filed 01/18/13 Page 1 of 8 PageID: 88492

# EXHIBIT A

FILED Dec 31, 2012

Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 3A
Fort Lee, NJ, 07024
(201) 379-5507 – Telephone
(201) 849-5074 – Facsimile
Attorneys for Plaintiff
    Enrique Sanchez

# SUPERIOR COURT OF NEW JERSEY
## LAW DIVISION SPECIAL CIVIL PART
## PASSAIC COUNTY

| | |
|---|---|
| ENRIQUE SANCHEZ,<br>Plaintiff<br><br><br>v.<br><br><br>PENNCRO ASSOCIATES, INC., a<br>Pennsylvania corporation<br>Defendant(s). | Docket No.    **DC-000072-13**<br><br>CIVIL COMPLAINT |

Prabhkaran S. Bedi, Esq.

Plaintiff, complaining of Defendant(s), states as follows:

## COMPLAINT

### Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692, et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### Parties

2. Plaintiff, Enrique Sanchez ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Jersey, County of Passaic, City of Paterson.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, Penncro Associates, Inc., ("Defendant") is an entity who at all relevant times was engaged, by the use of the mails and telephone, in the business of collecting debts from Plaintiff, as defined by 15 U.S.C. § 1692a(5), with its principal place of business located at 95 James Way, Southampton PA, 18966.

5. Defendant does business in the State of New Jersey, County of Passaic.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### Factual Allegations

7. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due to a creditor other than Defendant.

8. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, arises from a transaction in which money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant sent written communications to Plaintiff, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. In connection with the collection of an alleged debt, Defendant sent Plaintiff initial communication dated January 5, 2012 regarding FIA Card Services N.A. account ending in 3116 (the "Account").

13. In its January 5, 2012 initial written communication, Defendant stated in relevant part:

> REGARDING: PAST DUE CREDIT CARD
> ACCOUNT # ENDING IN: 3116
> TOTAL ACCOUNT BALANCE: $3,163.64

14. In its January 5, 2012 initial written communication, Defendant failed to inform Plaintiff whether the Account was subject to the accrual of interest and/or other fees or charges on the date the notice was sent.

15. Upon information and good-faith-belief, the alleged debt related to the Account, at all relevant times, was accruing interest.

16. Defendant's January 5, 2012 communication is misleading to the "least sophisticated consumer," who could readily conclude that the total account balance state as due was due at any time, when in fact it was not and was subject to adjustment on a periodic basis.

17. As a result, Defendant's January 5, 2012 communication failed to clearly and effectively state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1).

18. Defendant's omission of material information would deceive or mislead the leas sophisticated consumer as to the character or amount of the debt.

19. In its January 5, 2012 initial communication, Defendant failed to provide Plaintiff with an itemization of the interest or service charges that Defendant added to the alleged debt after placement.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless,

negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

### Claims for Relief

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

Defendant Penncro Associates, Inc. violated numerous provisions of the FDCPA, including, but not limited to, the following:

Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character amount or legal status of Plaintiff's alleged debt when failing to disclose that the Account was subject to interest or other charges.

Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representation or means in connection with the collection of an alleged debt, including but not limited to: its material omission as to whether Plaintiff's alleged debt was subject to interest or other charges.

Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $15,000 be entered against Defendants for the following:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Benjamin Nazmiyal Law Group, P.C.
Attorneys for Plaintiff
Enrique Sanchez
By: /s/ *Prabhkaran S. Bedi*
    Prabhkaran S. Bedi
    December 27, 2012

### Rule 4:51-1 Certification

The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Date: December 27,2012          Signature: /s/ *Prabhkaran S. Bedi*
                                               Prabhkaran S. Bedi